IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:12-CR-19-FL-1
NO. 7:13-CV-277-FL

| | | |
|---|---|---|
| JANEIRO BURGESS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner's motion to alter or amend judgment under Rule

60(b) (DE 167). The government has not responded. In this posture the issues raised are ripe for

ruling. For the following reasons, the motion is dismissed for lack of jurisdiction.

A district court must treat motions for reconsideration, such as the instant Rule 60(b) motion,

as "successive collateral review applications," where "failing to do so would allow the applicant to

evade the bar against relitigation of claims presented in a prior application." United States v.

Winestock, 340 F.3d 200, 206 (4th Cir. 2003). If a petitioner is "continuing his collateral attack on

his conviction or sentence," and his claims "relate to the validity of the underlying criminal

judgment" they must be treated as a successive petition. Id. at 206, 207. "A motion can also be said

to bring a [successive] claim if it attacks the federal court's previous resolution of a claim on the

merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original); see United States v.

McRae, 793 F.3d 392, 396 (4th Cir. 2015) (holding that claim in Rule 60 motion that "the district

court did not consider every statement made by [petitioner] in determining whether his counsel was ineffective for failing to move to suppress" was a successive attack on conviction).

Here, the instant motion challenges the court's resolution on the merits of the claims for relief in petitioner's first § 2255 petition. Petitioner contends that the court failed to consider all his arguments, misapplied federal law applicable to the merits of petitioner's claims, and erred in rejecting petitioner's claims. Petitioner reiterates and amplifies the legal and factual basis for his claims asserted in his first § 2255 petition. As such, the court must treat petitioner's instant Rule 60(b) motion as a successive § 2255 application, which must be dismissed for lack of jurisdiction. Winestock, 340 F.3d at 206; McRae, 793 F.3d at 400.

## CONCLUSION

Based on the foregoing, petitioner's motion (DE 167) is DISMISSED for lack of jurisdiction.

SO ORDERED, this the 25th day of July, 2016.


_____
LOUISE W. FLANAGAN
United States District Judge

2